# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| FRANKLIN L. WILLIAMS, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:16-cv-48 |
| | * | |
| v. | * | |
| | * | |
| J.V. FLOURNOY, | * | |
| | * | |
| Respondent. | * | |

## ORDER

This Court dismissed Petitioner Franklin Williams' ("Williams") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, on June 17, 2016. Dkt. No. 9. Despite this case being on appeal, Williams has filed a "Motion for Relief Under Excusable Neglect of Judgment and Order not Issued as to a Government Official Threaten Without Trial, Hearing, Sentencing Under Due Process of Law Fifth Amendment and Access to Court". Dkt. No. 14. For the reasons which follow, the Court **DISMISSES as moot** Williams' Motion for lack of jurisdiction.

In his Motion, Williams contends he has been charged with a crime without due process, and the Bureau of Prisons will not

release him in the interest of public safety, in violation of the Eighth Amendment. Williams maintains the denial of his rights is a fundamental miscarriage of justice. Williams also maintains he is legally innocent of the crime for which he has been convicted. Dkt. No. 14, pp. 1-2.

As noted above, Williams has appealed this Court's Order dismissing Williams' Petition, dkt. no. 9. Williams filed a Notice of Appeal on June 23, 2016, and this Court entered Judgment on July 6, 2016. Dkt. Nos. 10, 13. Thus, the Eleventh Circuit Court of Appeals has jurisdiction in this matter, as Williams is currently appealing the final decision of this Court. 28 U.S.C. § 1291.[1] Accordingly, the Court **DISMISSES as**

---

[1] Even if Williams' Motion could be construed as being properly made pursuant to Federal Rule of Civil Procedure 60(b)(1), it must be denied. "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:" "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Under Rule 60(b), [a] prisoner must prove 'extraordinary circumstances' justifying the reopening of a final judgment." Howell v. Sec'y, Fla. Dep't of Corr., 730 F.3d 1257, 1260 (11th Cir. 2013) (internal citation omitted). However, even if a prisoner "demonstrate[s] that the circumstances are sufficiently extraordinary to warrant relief," "whether to grant the requested [Rule 60(b)] relief is . . . a matter for the district court's sound discretion." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (alteration in original) (internal citation omitted). "To determine whether the neglect is excusable and justifies relief from a . . . [Court's Order], courts must consider the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the control of the movant; and (4) whether the movant acted in good faith." Dunn v. Hart, No. 5:13-CV-131, 2016 WL 3620779, at *2 (S.D. Ga. June 29, 2016), report and recommendation adopted, No. 5:13-CV-131, 2016 WL 4430924 (S.D. Ga. Aug. 16, 2016) (alteration in original) (citing Bohannon v. PHH Mortg. Corp., No.

**moot** Williams' Motion for Relief Under Excusable Neglect for lack of jurisdiction. The Court's Order dated June 17, 2016, remains the Order of this Court, and this case remains **CLOSED**.

**SO ORDERED**, this \_\_\_23\_\_\_ day of \_\_\_February\_\_\_, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

1:12-CV-02477, 2015 WL 1137663, at *3 (N.D. Ga. Mar. 12, 2015)). Williams' Motion is nothing more than a variation on themes that this Court has repeatedly rejected: that certain of his constitutional rights have been violated based on his conviction in this Court, that a fundamental miscarriage of justice has occurred, and that he is innocent of the crimes for which he was convicted. Additionally, Williams' latest Motion is an apparent continuation of his *modus operandi* to flood this Court with his frivolous pleadings. Williams cannot be considered to have acted in good faith in filing this Motion, and, accordingly, the Court **DENIES** Williams' Motion made pursuant to Rule 60(b)(1), to the extent this Court would have jurisdiction over the Motion.

3

AO 72A
(Rev. 8/82)